IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA,

v.                                                              CASE NO. 4:09-cr-25-RH-GRJ

TONY EDWARD DENSON,

_____/


### ORDER

This matter is before the Court on Petitioner's Motion for Permission to Amend/

Supplement Motion to Vacate under 28 U.S.C. § 2255, Motion for Production of

Evidentiary Hearing and Motion to Appoint Counsel, Motion for Reconsideration and/or

Consideration of Motion to Vacate under 28 U.S.C. § 2255, and Motion Requesting

Answers/ Rulings on All Pending Motions Presently in Court (Docs. 67, 68, 69, 74).  For

the reasons set forth below, Petitioner's motions to amend and for a hearing and to

appoint counsel are due to be denied.  Petitioner's motions for consideration and

requesting rulings on all pending motions are granted to the extent that the Court

considers all pending motions in the order in which they were filed.

Defendant, a federal prisoner, filed a motion to vacate under 28 U.S.C. § 2255

on February 8, 2011 that is currently pending in this Court.  (Doc. 52.)  The Government

has responded to Defendant's § 2255 motion, Doc. 63, and Defendant has filed a reply,

Doc. 65.

Defendant was indicted in this case on April 7, 2009 with three counts of

distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and

(b)(1)(c); and one count of possession of a firearm by a convicted felon in violation of

18 U.S.C. §§ 922(g), 924(a)(2).  (Doc. 9.)  On June 12, 2009, Defendant entered a

guilty plea to Counts Three and Four of the indictment, and the Court dismissed Counts

One and Two of the indictment on the government's motion.  (Doc. 19.)

The presentence investigation report classified Defendant as a career offender

under the U.S. Sentencing Guidelines § 4B1.1.  This classification was based on

Defendant's prior felony convictions in the state of Florida for aggravated battery and

possession of a short-barreled shotgun.  With the career offender designation,

Defendant had a Total Offense Level of 34 and a Criminal History Category of VI, for a

guideline range of 262-327 months imprisonment.  Neither the government nor the

defense filed objections to this calculation.  Prior to sentencing, Defendant's court-

appointed counsel Bernard Daley filed a sentencing memorandum urging leniency in

sentencing, pointing to Defendant's work history, care for his family, and desire to turn

his life around.  (Doc. 33.)  Mr. Daley also presented argument against the imposition of

a minimum mandatory sentence, and pointed to sentencing disparity between

defendants charged with distribution of crack versus powder cocaine.  Finally, Mr. Daley

presented a number of letters from Defendant's family in support of leniency.

Defendant was sentenced on December 16, 2009 to 262 months imprisonment,

the bottom of the guidelines range, on Count Three.  (Doc. 34.)  The Court sentenced

Defendant to 120 months imprisonment on Count Four, to run concurrently with Count

Three.  At the hearing, counsel again argued for leniency in sentencing, and

Defendant's family members presented testimony.  (Doc. 44.)  Defendant appealed his

sentence to the Eleventh Circuit.  *See United States v. Denson*, 387 F. App'x 926 (11th

Cir. 2010).  On appeal, Defendant argued that his sentence was procedurally

unreasonable because the District Court failed to adjust his guideline range for "sentencing manipulation" on the part of the government, and that his sentence was substantively unreasonable under 18 U.S.C. § 3553(a). The Eleventh Circuit rejected these arguments and affirmed the sentence. Specifically, the Court found that the government's conduct in the sting operation that resulted in Defendant's arrest did not rise to the level of extraordinary misconduct. *Id.* at 928. It further found that the District Court's sentence, at the low end of the guideline range, was the product of careful consideration and did not represent an abuse of discretion. *Id.* at 929.

Defendant's § 2255 motion presents three arguments: 1) that Defendant should not be considered a career offender for the purposes of U.S.S.G. § 4B1.1; 2) that his counsel was constitutionally ineffective for failing to raise the career offender argument; and 3) that U.S.S.G. § 4A1.1(e), dealing with "recency points," has been amended and is retroactive to his case. In his reply to the Government's brief, Defendant explicitly abandoned the third argument. (Doc. 65, at 8.) Therefore, only the first and second points remain under consideration.

Defendant requests leave to amend or supplement his § 2255 motion. (Doc. 67.) In his motion, however, Defendant repeats the argument he offered in the original § 2255 petition—that he is not a career criminal under U.S.S.G. § 4B1.1 because possession of a sawed-off shotgun is not a proper predicate offense. Because the proposed amendment would offer no new legal arguments or evidence, Defendant's motion for leave to amend is due to be denied.

Defendant also requests an evidentiary hearing on his claims. (Doc. 68.) Pursuant to Rule 8(a) Governing § 2255, "[i]f the [§ 2255] motion is not dismissed, the

judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Defendant has the burden of establishing that an evidentiary hearing is needed to dispose of his § 2255 motion. *Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984)(*en banc*). "A federal habeas corpus petitioner is entitled to an evidentiary hearing if he alleges facts which, if proven, would entitle him to relief." *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989). Defendant is not entitled to an evidentiary hearing on his first claim, that he is not a career offender under U.S.S.G. § 4B1.1, because there are no disputed issues of fact relevant to this claim. The government argues that this argument is procedurally defaulted because Defendant failed to raise it on appeal. In his reply, Defendant has not refuted this allegation.

Defendant is also not entitled to an evidentiary hearing on his second claim. Pursuant to *Strickland v. Washington*, in order to be entitled to relief on his claim of ineffective assistance of counsel, Defendant must show that (1) that Mr. Daley's performance fell below an objective standard of reasonable professional assistance and (2) that Defendant was prejudiced by Mr. Daley's deficient performance. 466 U.S. 668, 687-88, 692 (1984). Here, Defendant has not demonstrated that he was prejudiced by Mr. Daley's failure to argue that Defendant should not be considered a career criminal for purposes of U.S.S.G. § 4B1.1. The Commentary to U.S.S.G. § 4B1.2 explicitly mentions possession of a sawed-off shotgun as an example of a "crime of violence" that would qualify Defendant as a career offender, thus precluding any potential argument by Mr. Daley that this was not a proper predicate offense. Defendant has also not shown that Mr. Daley's performance fell below an objective standard of

reasonable professional assistance.  Mr. Daley did, in fact, make an effort to argue that Defendant might not be a career offender based on the age of the prior convictions and the fact that the Florida court did not "separate the service of combined, concurrent sentences." (Doc. 33, at 2.)  At the sentencing, Mr. Daley stated that "I've worked every angle with the probation people on career offender and didn't get anywhere on that.  I would have filed objections with the court on that."  (Doc. 44, at 7.)  There are no disputed material issues of fact related to Defendant's second claim.  Accordingly, the Court concludes that Defendant's motion for an evidentiary hearing (Doc. 68) is due to be denied**.**

Finally, Defendant requests that this Court appoint him counsel.  (Doc. 68.) Appointment of counsel in a habeas case such as this is generally only necessary when the Court determines that an evidentiary hearing is required to resolve the petition. At this juncture there does not appear to be any need for an evidentiary hearing and therefore no necessity for the appointment of counsel.

Upon due consideration, it is **ORDERED**:

(1)     Petitioner's Motion for Permission to Amend/ Supplement Motion to Vacate under 28 U.S.C. § 2255, Doc. 67, is **DENIED**.

(2)     Petitioner's Motion for Production of Evidentiary Hearing and Motion to Appoint Counsel, Doc. 68, is **DENIED**.

(3)     Petitioner's Motion for Reconsideration and/or Consideration of Motion to Vacate under 28 U.S.C. § 2255, and Motion Requesting Answers/ Rulings on All Pending Motions Presently in Court, Docs. 69 and 74, are **GRANTED** to the extent that the Court considers all pending motions in

the order in which they were filed, starting with the oldest-filed.

**DONE AND ORDERED** in Gainesville, Florida this 25th day of July 2011.

_s/Gary R. Jones_

GARY R. JONES
United States Magistrate Judge